{¶ 1} Plaintiff-appellant, Joe Teague, appeals from the decision of the Mahoning County Court of Common Pleas dismissing his appeal from a decision of the Industrial Commission.
 {¶ 2} The Industrial Commission denied appellant workers' compensation benefits and he attempted to appeal this denial to the trial court. Defendant-appellee, LTV Steel Company ("LTV"), filed a motion to dismiss the appeal to the trial court for failure to timely file in accordance with R.C. 4123.512. Defendant-appellee, the Bureau of Workers' Compensation, joined in this motion. On September 27, 2000, the trial court held a hearing on appellees' motion to dismiss. At the hearing appellant admitted that he failed to file his appeal within the time required by the statute. The trial court stated that it was granting the motion to dismiss; however, it did not file a judgment entry to this effect and the case continued. On January 25, 2001, the trial court stayed the case pursuant to a notice of bankruptcy. The court reinstated the case on March 13, 2001, when the bankruptcy stay was lifted. The parties then proceeded with discovery.
 {¶ 3} The next judgment entry we have from the trial court is dated June 19, 2001. In this judgment entry, the trial court dismissed appellant's appeal stating that appellant failed to file his notice of appeal pursuant to R.C. 4123.512. Appellant had filed his notice of appeal with this court on March 13, 2001 and again on March 14, 2001. In a June 28, 2002 journal entry, we concluded that appellant filed his appeal prematurely. We stated we would proceed as if the June 19, 2001 decision was the one from which appellant appealed. We stated we would only consider the issue of appellant's failure to file the notice of appeal to the common pleas court pursuant to R.C. 4123.512 and would not address entitlement to benefits.
 {¶ 4} Appellant's "brief" scarcely complies with the Rules of Appellate Procedure and is barely decipherable. Not only does he fail to cite to applicable cases, statutes or transcript excerpts to support his alleged errors, he also attached an unofficial transcript of one of his hearings for us to consider. See App. R. 9(B); App. R. 16(A).
 {¶ 5} We should also note that appellees have failed to file a brief in this matter. Thus, we may accept appellant's statement of the facts and issues as correct and reverse the trial court's judgment if appellant's brief reasonably sustains such action. App. R. 18(C).
 {¶ 6} Appellant raises 12 assignments of error all of which go to the merits and/or the facts of the case except for the final alleged error, which states:
 {¶ 7} "The Industril [sic.] Commission was at error when they said that my cases was [sic.] filed late. The letter came from Columbus.[sic.] Ohio."
 {¶ 8} It appears that appellant argues that the trial court erred in dismissing his appeal from the decision of the Industrial Commission denying workers' compensation benefits.
 {¶ 9} Appellees' motion to dismiss contained evidentiary materials outside of the pleadings. These materials included: (1) a copy of a letter from appellant to the trial court, which he attached to his appeal, in which he stated that he hoped the court would accept his appeal even though he filed it a day late; and (2) a copy of the Industrial Commission's decision denying appellant benefits, which LTV received, stamped with the date on which LTV received the decision. "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56." Civ. R. 12(B). Since appellee's motion to dismiss contained matters outside the pleadings and it appears that the trial court considered these matters, we shall treat it as a motion for summary judgment.
 {¶ 10} In reviewing an award of summary judgment, appellate courts must apply a de novo standard of review. Cole v. American Indus. andResources Corp. (1998), 128 Ohio App.3d 546, 552. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ. R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. State ex rel. Parsons v. Flemming (1994),68 Ohio St.3d 509, 511. A "material fact" depends on the substantive law of the claim being litigated. Hoyt, Inc. v. Gordon Assoc., Inc.
(1995), 104 Ohio App.3d 598, 603, citing Anderson v. Liberty Lobby, Inc.
(1986), 477 U.S. 242, 247-248.
 {¶ 11} R.C. 4123.512(A) provides in pertinent part:
 {¶ 12} "The claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupational disease case, * * * to the court of common pleas of the county in which the injury was inflicted * * *."
 {¶ 13} R.C. 4123.512(A) further provides:
 {¶ 14} "The appellant shall file the notice of appeal with a court of common pleas within sixty days after the date of the receipt of theorder appealed from or the date of receipt of the order of the commission refusing to hear an appeal of a staff hearing officer's decision under division (D) of section 4123.511 of the Revised Code. The filing of the notice of the appeal with the court is the only act required to perfect the appeal." (Emphasis added.)
 {¶ 15} Appellant filed his notice of appeal with the trial court from the Industrial Commission's decision on June 6, 2000. Attached to his notice of appeal is a note, a copy of which LTV attached to its motion to dismiss. The note states:
 {¶ 16} "I Joe Louis Teague have (3) claims that I should have file [sic.] 6/5/2000. The reason was I had to send a copy to all name [sic.] on each appeal claim I file [sic.]. I hope the three claims will be accepted for the day that I am late. * * *"
 {¶ 17} This statement is signed by appellant. Such is a written admission, which the trial court may consider pursuant to Civ. R. 56(C). Additionally, at the September 27, 2000 hearing, appellant admitted to the court that he filed his appeal late. The court asked appellant, "You admitted you filed it late?" (Tr. 14). Appellant responded, "Yes, sir. I have to admit it. I'm not going to lie. It wasn't done intentionally." (Tr. 14). Appellant also informed the court, "I didn't know I had to file anything in 60 days. I wrote a letter where I stated that I extend it two or three days after the deadline after I found it out." (Tr. 11).
 {¶ 18} Appellant's statements apparently convinced the trial court that appellant failed to comply with the R.C. 4123.512(A) time limit to file an appeal. However, a further examination of the hearing transcript reveals a genuine issue of material fact regarding when appellant's 60-day time limit began to run. The triggering event that started the 60-day time period running was appellant's receipt of the Industrial Commission's decision. However, no one knows when appellant received the decision including appellant. Appellant revealed this at the hearing:
 {¶ 19} "MR. TEAGUE: * * * I don't know what date I got the letter. It could have taken five days for the letter to get from Columbus to here. I'm not arguing with you. I'm trying to find out —
 {¶ 20} "THE COURT: It says date mailed. That all goes by the wayside with that letter. You told them you realized you were a day late.
 {¶ 21} "MR. TEAGUE: The reason I did that is because the lady down there told me, you late. The fact that I didn't — I don't know nothing about mailing, no timing thing. * * *." (Tr. 19-20)
 {¶ 22} It is obvious from appellant's statements that he was confused about whether he filed his appeal late or not. Conversely, what is not apparent is what date appellant received the Industrial Commission's decision. No one ever asked him this essential question.
 {¶ 23} Since a question of fact surrounds when appellant received the Industrial Commission's decision, summary judgment was not proper to determine that appellant did not file his notice of appeal in compliance with R.C. 4123.215(A)'s time limit.
 {¶ 24} Accordingly, appellant's assignment of error has merit.
 {¶ 25} For the reasons stated above, the decision of the trial court is hereby reversed and remanded for further proceedings according to law and consistent with this opinion.
Vukovich and DeGenaro, JJ., concur.